IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DANIEL LOREN JENKINS,                                   CV. 05-1544-AS

        Petitioner,

   v.                                                    FINDINGS AND RECOMMENDATION

JEAN HILL,

        Respondent.


ANTHONY BORNSTEIN
Office of the Federal Public Defender
101. S.W. Main Street, Suite 1700
Portland, OR  97204

    Attorney for Petitioner


HARDY MYERS
Attorney General
LESTER HUNTSINGER
Assistant Attorney General
Oregon Department of Justice
1162 court Street, NE
Salem, OR  97301

    Attorneys for Respondent


1 - FINDINGS AND RECOMMENDATION

ASHMANSKAS, Magistrate Judge.

Petitioner brings this habeas corpus action pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the Petition for Writ of Habeas Corpus (#1) should be DENIED as to the claims alleged in Grounds One, Three and Four, and DISMISSED WITHOUT PREJUDICE as to the claim alleged in Ground Two.

## BACKGROUND

While incarcerated at the Multnomah County Detention Center ("MCDC") on other charges, Petitioner was charged with two counts of Assault in the Third Degree for separate incidents at the jail on November 21, 1999, and December 28, 1999. Pursuant to plea negotiations, Petitioner was convicted after a stipulated facts trial of one count of Assault in the Third Degree for the November 21, 1999, incident. The charge relating to the December incident was dismissed. On October 9, 2000, the trial judge sentenced Petitioner to 15 months of imprisonment and 24 months of post-prison supervision, to be served concurrently with the sentence he was serving at the time of the incidents.

Petitioner directly appealed his assault conviction. On August 1, 2001, the Oregon Court of Appeals granted Petitioner's motion to voluntarily dismiss the appeal.

On August 5, 2003, Petitioner filed a petition for state post-conviction relief ("PCR") in Malheur County Circuit Court. The PCR trial judge dismissed the petition as untimely. On appeal, the

2 - FINDINGS AND RECOMMENDATION

Oregon Court of Appeals summarily affirmed. Petitioner did not seek review from the Oregon Supreme Court. Appellate judgment issued October 6, 2004.

In November or December 2004, Petitioner learned of potentially exculpatory evidence relating to the assault charges that had not been disclosed by the prosecution.[1] On October 6, 2005, Petitioner filed his Petition for Writ of Habeas Corpus in this court.[2] Petitioner alleges four grounds for relief. In Ground Two, he alleges violation of his constitutional rights under *Brady v. Maryland*, 373 U.S. 83 (1963), based upon the prosecutor's failure to disclose the alleged exculpatory information. In Grounds for relief One, Three, and Four, Petitioner alleges "violation of the mail-box rule/unlawful interference by penal authority" in the filing of his state PCR petition, denial of access to legal files by MCDC officials, and violation of his right to due process when he was put into segregation and "denied food for 40 days for rules violation."

---

[1] The evidence consisted of a legal memorandum with the findings of an internal investigation of the officer involved in the December 23, 1999, incident. The investigation was initiated after Petitioner's assault cases were resolved. Although the initial investigation concluded the officer had used excessive force on Petitioner, a subsequent investigation found the allegation unfounded and the Sheriff did not sustain the allegation. Pet. Mem. p 4.

[2] Petitioner signed the petition on July 25, 2005.

3 - FINDINGS AND RECOMMENDATION

Respondent argues Petitioner waived the claims alleged in Grounds One, Three, and Four by not addressing them in his supporting memorandum. Respondent also argues that relief should be denied on the claim alleged in Ground Two because it remains unexhausted.

## DISCUSSION

I. **Grounds One, Three, and Four**

Under 28 U.S.C. § 2248, "[t]he allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true." Respondent alleges in his Response and Answer that the claims alleged in Grounds One, Three, and Four are unexhausted and procedurally defaulted.

Petitioner's memorandum addresses only the *Brady* claim alleged in Ground Two. Petitioner does not challenge Respondent's assertion that the claims alleged in Grounds One, Three, and Four are unexhausted and procedurally defaulted. Nor does he allege cause and prejudice or actual innocence to excuse his default. Accordingly, Petitioner is not entitled to relief on the claims alleged in Grounds One, Three, and Four.

II. **Ground Two**

Petitioner alleges a *Brady* violation occurred when the prosecutor withheld the potentially exculpatory memorandum.

4 - FINDINGS AND RECOMMENDATION

Petitioner argues his *Brady* claim is properly before this court, despite his failure to present the claim to the Oregon state courts, because he has no state remedy. Respondent contends Petitioner could have filed a second state PCR petition upon learning of the evidence in question, but chose not to avail himself of this remedy.

Generally, a state prisoner must exhaust all available state court remedies either on direct appeal or through collateral proceedings before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1). A state prisoner satisfies the exhaustion requirement by fairly presenting his claim to the appropriate state courts at all appellate stages afforded under state law. *Casey v. Moore*, 386 F.3d 896, 915-16 (9th Cir. 2004), *cert. denied*, 125 S.Ct. 2975 (2005); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004).

The exhaustion requirement is premised in the rule of comity. That is, because state courts are obliged to enforce federal law, state courts should have the first opportunity to review claims by state prisoners that they are being held in violation of federal law. Exhaustion is meant to give state courts a full opportunity to resolve such claims before they are presented to the federal courts. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999); *Vasquez v. Hillery, Jr.*, 474 U.S. 254, 257 (1986).

5 - FINDINGS AND RECOMMENDATION

Under Oregon law, an inmate must file a petition for post-conviction relief within two years of a judgment becoming final, "unless the court on hearing a subsequent petition finds grounds for relief asserted which could not reasonably have been raised in the original or amended petition." Or. Rev. Stat. §§ 138.510(3), 138.550(3). Respondent argues this provision provides Petitioner a remedy for the alleged *Brady* violation Petitioner discovered after final appellate judgment issued on his first PCR petition. I agree. These statutes provide for submitting claims "that could not reasonably have been raised in the original or amended petition" in a subsequent PCR petition. Petitioner's *Brady* claim falls squarely in this category.

Nonetheless, Petitioner argues he has no available state remedy because Respondent will argue the claim is untimely if he attempts to present it in state court. In essence, Petitioner is arguing that presenting his claim in state court would be futile. However, futility is not an excuse for failure to exhaust. *See Engle v. Isaac*, 456 U.S. 107, 130 (1982) (futility does not constitute cause to excuse procedural default).

It is for the Oregon courts to decide if, upon presenting his claim, Petitioner has complied with the state's procedural requirements. Accordingly, Petitioner has not exhausted the *Brady* claim alleged in Ground Two.

## CONCLUSION

Based on the foregoing, Petitioner's Petition for Writ of Habeas Corpus (#1) should be DENIED as to the claims alleged in Grounds One, Three, and Four, and DISMISSED WITHOUT PREJUDICE as to the claim alleged in Ground Two.

## SCHEDULING ORDER

The above Findings and Recommendation are referred to a United States District Judge for review. Objections, if any, are due September 14, 2007. If no objections are filed, review of the Findings and Recommendation will go under advisement that date.

A party may respond to another party's objections within 10 days after service of a copy of the objections. If objections are filed, review of the Findings and Recommendation will go under advisement upon receipt of the response, or on the latest date for filing a response.

DATED this 30 day of August, 2007.

Donald C. Ashmanskas
United States Magistrate Judge